————————o————————

## No. 7080.

## EMILE MUNCHOW v. HERMAN M. MOORS.

### Syllabus.

Under a contract between owner and contractor which
provides that the contractor "must insure and assume
responsibility for your (his) work and material not
paid for" and "shall protect his own work from any
damages whatever", and "carry insurance on the
property as the same progresses, covering himself
against all losses on contract amounts, less pay-
ments", **Held,** that the contractor must bear the loss
resulting from the destruction by storm of his par-
tially completed work, no payments thereon being due
or having been made and the owner not being in de-
fault with regard to such payments or in any other
respect under the contract.

417

Appeal from the Civil District Court, Parish of Orleans, No. 114,873, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

Dart, Kernan & Dart, for plaintiff and appellant.

Denegre, Leovy & Chaffe, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a roofing contractor, contracted with defendant to provide the labor and material and to construct the slate roof for the residence which defendant was erecting upon his property in this city. About 80% of plaintiff's contract had been completed when the structure was destroyed by the hurricane of September 29, 1915. The question here presented is whether the loss thus sustained shall be borne by plaintiff, the contractor, or by defendant, the owner, for whom he was erecting the roof.

The written contract between the parties among other things provided that plaintiff "must insure and assume responsibility for your (his) work and material not paid for", and "shall protect his own work from any damages whatever", and "carry insurance on the property as the same progresses, covering himself against all losses on contract amounts less payments."

This clearly is an express assumption on plaintiff's part of all hazards affecting his work during the course of construction and to the extent that same was not paid for; and as it is undisputed that no payments were due or had been made, and that defendant was not in default with regard to such payments or in any other respect under the contract, the burden of the loss suffered must manifestly be sustained by plaintiff.

And it is idle to determine whether plaintiff was a servant, or an undertaker, or an independent contractor or what not; for whether the technical relation of the parties be the one or the other, their contract covers the contingency that has arisen and their rights must be adjudged in accordance therewith.

The judgment was for defendant and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 11th, 1917.